The January Term, 1862.

PORTAGE Co.
v.
WAUPACA Co.

---

# The Board of Supervisors of Portage County vs. The Board of Supervisors of Waupaca County.

When a prisoner is sent from a county in which there is no jail, to the jail of an adjoining one, the former county, and not the latter, is liable to the sheriff for the expense of his maintenance.

If the county to which the prisoner is sent pays its sheriff for maintaining him in jail, without request of the county from which he was sent, it is a gratuitous payment which will not sustain an action against the latter county.

DIXON, C. J., dissented from both propositions.

APPEAL from the Circuit Court for *Waupaca* County.

The board of supervisors of *Portage* county paid $840 upon an account presented by the sheriff of that county for boarding &c., furnished to prisoners delivered to him upon process from judicial officers in *Waupaca* county, in which there was, at the time, no jail; and presented their account for the same to the board of supervisors of *Waupaca* county, who allowed upon it only $387.79. From this decision the supervisors of *Portage* county appealed to the circuit court of *Waupaca* county, and the case was removed to *Waushara* county for trial. The appellants introduced evidence tending to show that the charges made by the sheriff of their county were reasonable, and that they had paid him $840 upon the account, and rested. The defendants moved for a non-suit, on the ground that there was no evidence showing their liability to the *appellants* for the expense of keeping the prisoners; and the motion was sustained.

*James O. Raymond*, for appellants, contended that the sheriff of *Portage* county could only look to the treasury of his own county for pay (secs. 2 and 3, chap. 153, R. S., of 1849); and that the allowance by the respondents of a portion of the account, was an admission of their indebtedness to the appellants, which they could not now deny. *Parker vs. Sup. of Grant Co.*, 1 Wis., 414.

*Sessions & Reed, contra.*

The allowance and payment of the claim by the county of *Portage*, was a voluntary act, and did not make *Waupaca* county her debtor. 2 Chand., 25; 2 Comyn on Con., 148; 1 Stephen's N. P., 317.

May 15.    *By the Court,* COLE, J.    The simple question arising in this case is—Was the county of *Portage* liable to the sheriff of that county for the expenses of keeping and maintaining prisoners from the county of *Waupaca*, or should the sheriff have presented his account to the board of supervisors of

*Waupaca* county for allowance and payment? If *Portage* county was not liable to the sheriff for the payment of such an account, then the fact that it has voluntarily paid it with- out the express or implied request of *Waupaca* county, will not enable it to maintain this action. See *Crawford Co. vs. Iowa Co.*, 2 Chand., page 25 of the opinion; Comyn on Contracts, Part 2, chap. 6, p. 452; Chitty on Con., 312; *Lightfoot vs. Creed*, 8 Taunton, 268.

We are of opinion that the statute makes the county of *Waupaca* liable to the sheriff for keeping its prisoners, and not the county of *Portage*.

Section 2, chap. 153, R. S., 1849, which has become section 2, chapter 190 of the new revision, reads as follows: "Whenever there is no jail erected in any county, every judicial or executive officer of such county, who shall have power to order, sentence, or deliver any person to the county jail, may order, sentence, or deliver such person to the jail of any adjoining county. And the jailor of any such adjoining county shall receive and keep such prisoner in the same manner as if he had been ordered, sentenced or delivered to him by any officer or court of his own county. The county from which such prisoner was taken, shall pay all the expenses of keeping and maintaining him in such jail."

This provision authorizes and requires the jailor of an adjoining county to receive and keep prisoners sent from a county where there is no jail, in effect making him the jailor of the latter county, so far as those prisoners are concerned. Ordinarily the jailor is paid out of the treasury of his own county for keeping and maintaining prisoners, because usually persons are committed to the jail of the county where the offense is charged. The jailor presents his account to the county board of supervisors where the convict is confined, providing such county is liable to pay them. When that county is not liable for such expenses, the accounts should be presented to and allowed by the board of the county which is liable. The statute above cited declares that the county from which the prisoner is taken shall pay the expense of keeping and maintaining him. That is, *Waupaca* and not

*Portage* county is liable for those expenses. Is there not then an obvious propriety in requiring the jailor to present his account to the board of supervisors of that county for allowance? Suppose he had performed any other service or incurred any other expense for *Waupaca* county than the one he did; can there be a doubt about the necessity of his presenting his account to the board of that county for allowance and payment? We apprehend not. And yet what real distinction exists between the two cases? It may be suggested that it would be more convenient for the jailor to present his entire account for keeping and maintaining prisoners to *Portage* county for allowance and payment, and if any portion of the expenses was chargeable to other counties, let *Portage* county collect it. But we apprehend there would be embarrassments and troubles attending this method of doing the business, which would more than counter-balance any supposed convenience to the jailor. Aside from the very natural and reasonable objection which might be taken to the policy of requiring *Portage* county to pay the debts of *Waupaca* county, there might be, and probably would be, a difference of opinion between the two county boards as to the amount which the jailor should receive for his services and expenses. *Portage* county might allow and pay an amount which *Waupaca* was unwilling to pay. This would lead to litigation, in which *Portage* county would incur additional expense in collecting a debt which it had paid for another county. Besides, when a contest arises as to the justness of the jailor's charges, the matter can only be fairly and properly settled upon an issue made up between him and the debtor county. And if there is any hardship in requiring the jailor to receive and support prisoners for another county, it is one imposed by law and incident to his office. It is questionable whether any jailor is seriously affected by the operation of the statute, for if any county board refused to make just remuneration, the jailor would have his remedy by action. Understanding the statute to mean that the indebtedness for keeping prisoners of *Waupaca* county was direct from that county to the jailor of *Portage* county, we must hold that the account should have been presented by him to

the debtor county, and that the payment by *Portage* county was a mere gratuitous one, without either the express or implied request of the former county.

January Term, 1862.

It follows from these views that the non-suit was right. The judgment of the circuit court is therefore affirmed.